KNOLL, J.,
concurs in part, dissents in part, and assigns reasons.
hi concur with the majority in denying respondent readmission to the bar. I join Justice Clark in his reasons for concurring and dissenting in part permanently denying respondent readmission to the bar.
Respondent has a long “fifteen year history of deceit and dishonesty” as noted by the majority upon respondent’s initial disbarment. Significantly, respondent did not feel guilty and self-report his criminal conduct. Instead, he was caught by the law firms who trusted him when, indeed, he was cheating his clients and the firms who employed him. ,
Respondent .lacks the strength of. character to represent his clients and his employers with trustworthiness. He has a flawed propensity for stealing and for disr honesty. While he may have performed well in his capacity as a C.P.A., his authorities, up until recently, were significantly curtailed ■ and “structured” to guard against his dishonesties. The public and the legal profession cannot countenance respondent’s, lack of fundamental moral character. In my view, as I stated in my dissent to the initial sanction of disbarment, respondent should have been permanently disbarred. Accordingly, I would permanently deny respondent readmission to this honorable bar and profession.